IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:19-CR-333-LMM-LTW |
| JAMES C. MILLER, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [54], recommending that Defendant's Amended Motion to Suppress [15, 18] be denied. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed Objections to the R&R [56, 57]. After due consideration, the Court enters the following Order:

**I.     LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections, the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1). The Court will consider each objection in turn.

## II.   DISCUSSION

Defendant objects to the Magistrate Judge's conclusions that (1) Defendant was not unlawfully detained; (2) Defendant's statements were voluntary; and (3) Defendant was not entitled to a *Miranda* warning. See Dkt. No. [54] at 1. Most of the objections are conclusory and do not contain a detailed discussion of why Defendant contends the R&R is in error. In addition, the objections cite to no law and make no attempt to distinguish the case law cited in the R&R.

Defendant first objects that the R&R misunderstands his argument that Defendant was detained and does not properly consider the totality of the circumstances. Defendant then describes the sequence of events and concludes that a reasonable person in Defendant's position would not have felt free to ignore the officers and leave. In reviewing the R&R, the Court concludes that the Magistrate Judge applied the correct standard to the applicable facts in reaching the conclusion that Defendant was not detained. The Court agrees with the R&R's conclusion that an individual is not detained just because law enforcement directs him to do something when the totality of the circumstances establish that Defendant was not seized within the meaning of the Fourth Amendment. This objection is **OVERRULED**.

Defendant objects to the R&R's factual finding that Agent Clinton did not ask Defendant to step out of his vehicle. The R&R, however, does not rely on this fact in reaching its conclusion. Instead, the R&R analyzes the situation based on both factual scenarios in finding that Defendant was not seized. Because the R&R

did not ultimately find this fact against Defendant, this objection is **OVERRULED**.

Defendant also objects to the R&R's conclusion that the presence of the Verizon employee during Defendant's encounter did not add to the show of authority such that the Court would conclude that Defendant was seized. Defendant argues that he could have reasonably viewed that there was a degree of coordination between the Verizon employee and the Secret Server agents. Even if the facts were viewed as such, they do not convert the encounter into a seizure. And, even if there was a seizure, the nature and quality of the intrusion was reasonable under the circumstances. This objection is **OVERRULED**.

Defendant objects to the finding that the record established the reasonableness of Agent Clinton's suspicion that Defendant had engaged in approximately $60,000 in fraud. The Court has re-examined the record and concludes that the R&R's conclusion on this matter was correct. This objection is **OVERRULED**.

Defendant next argues that there was an element of coercion that caused his statements to be involuntary. Defendant contends that he wanted to leave but did not do so because of the show of authority. Again, the Court has reviewed the R&R's thorough explanation of why Defendant was not unlawfully detained and why his statements were voluntary. The Court finds no error. This objection is **OVERRULED**.

Defendant's final objection was to the determination that he was not in custody for the purpose of *Miranda* warnings. As the sole grounds for this objection, Defendant objects to the finding that Agent Clinton did not ask him to exit the car. Even if Agent Clinton had asked him to exit the car, this does not change the conclusion that Defendant's statements were freely and voluntarily given at a time when he was neither seized nor in custody. The R&R properly analyzed this issue as well. This objection is **OVERRULED**.

The Court therefore **ADOPTS** the R&R as the Order of the Court and **DENIES** Defendant's Motions [15, 18].

### III.   CONCLUSION

The Magistrate Judge's R&R [54] is **ADOPTED** as the Order of this Court and Defendant's Objections are **OVERRULED**. Defendant's Motions to Suppress [15, 18] are **DENIED**.

The trial in this action is hereby set to begin on **Monday, May 17, 2021 at 9:30 A.M.** in Courtroom 2107. The pretrial conference will be held on Monday, May 10, 2021 at 10:00 A.M. in Courtroom 2107. By noon on Monday, April 26, 2021, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Monday, April 26, 2021, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Monday, May 3, 2021, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through May 17, 2021, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 21st day of December, 2020.

_____
**Leigh Martin May**
**United States District Judge**